UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALFRED A. MORGAN,** **Plaintiff** | |
| v. | Civil Action No. 1:19-CV-01526-CC-JKL |
| **TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; NELNET SERVICING, LLC; UNITED STATES DEPARTMENT OF EDUCATION; and BETSEY DEVOS, in her official capacity as Secretary of Education, Defendants** | |

## FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

Pursuant to Fed. R. Civ. P 15(a)(1)(B), Plaintiff files this First Amended Complaint as a matter of course.  The first responsive pleading to Plaintiff's initial Complaint was filed on June 5, 2019 when Defendant Nelnet Servicing, LLC filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff's First Amended Complaint is filed within twenty one days as required.  All amendments are bold faced and italicized for the convenience of the Court and other parties.

1) This is an action for equitable relief, *declaratory relief*, actual damages, statutory damages, punitive damages, attorney's fees and costs brought by Plaintiff ALFRED A. MORGAN ("Plaintiff"), an individual consumer, against Trans Union, LLC "Trans Union"), Equifax Information Services, LLC ("Equifax"), Nelnet Servicing, LLC ("Nelnet"), and the United States Department of Education ("Department") for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").  Plaintiff also brings this action for declaratory and injunctive relief plus costs and attorney's fees against United States Department of Education ("Department") and Secretary of Education Betsey DeVos ("Secretary") in her official capacity for agency actions, findings, and conclusions which were arbitrary, capricious, an abuse of discretion, and not in accordance with the law.  Plaintiff appeals the Department's final agency action to this United States District Court pursuant to the Administrative Procedures Act, 5 U.S.C. § 706 ("APA").  *Plaintiff seeks a declaratory judgment pursuant to 34 C.F.R. 685.215 that Plaintiff was the victim of a crime of identity theft.*

2) Plaintiff's name and identity were used without his authorization to fraudulently sign Federal Direct PLUS Student Loans.  Plaintiff has attempted for years to have the Department of Education stop attempting to collect the loans which

were fraudulently taken out in his name. Defendants have refused to remove the false information from Plaintiff's credit reports despite Plaintiff's disputes. The Department has seized Plaintiff's retirement funds and failed to properly discharge the student loans which were the product of identity theft.

## II. JURISDICTION & VENUE

3) Subject matter jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331, 1337, 1361

4) The relief requested herein against the Department is authorized by the APA, 5 U.S.C. §§ 702-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the All Writs Act, 28 U.S.C. § 1651.

5) Venue in this district is proper in that the Plaintiff resides here, Defendants transact business here, the conduct complained of occurred here, and pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events transpired in this district.

## III. PARTIES

6) Plaintiff is a natural person residing in Rockdale County, Georgia.

7) Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia. Equifax does business in this judicial district. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of

assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined at 15 U.S.C. § 1681a(f) to third parties.  Equifax disburses such consumer reports to third parties of contract for monetary compensation.

8) Equifax maintains its registered office at 1550 Peachtree Street, NW, Atlanta, Georgia 30309 and names its registered agent as Lisa Stockard.  Equifax can be served with Summons and a copy of this Complaint at this address.

9) Alternatively, Equifax may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia as applicable.

10)     Trans Union is a Delaware limited liability company with its principal place of business in the state of Illinois.  Trans Union does business in this judicial district.  Trans Union is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).  Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined at 15 U.S.C. § 1681a(f) to third parties.  Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

11)     Trans Union maintains its registered office at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092 and names its registered agent as Prentice Hall Corporation System.  Trans Union can be served with Summons and a copy of this Complaint at this address.

12)     Nelnet is incorporated under the laws of Nebraska, and has its headquarters at 121 S. 13th, Suite 201, Lincoln, NE 68508. Nelnet does business in this judicial district.  Nelnet is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.  Its registered agent in Nebraska is CT Corporation System, 5601 South 59th St., Lincoln, NE 68516.  Nelnet can be served with Summons and a copy of this Complaint at this address.

13)     The United States Department of Education is a federal agency headquartered in the District of Columbia with its principal office located at 400 Maryland Avenue, SW, Washington, D.C. 20202.

14)     Secretary Betsey DeVos is sued solely in her official capacity as Secretary of Education, in which capacity she has the ultimate responsibility for the activities of the Department, including the actions complained of herein. Secretary maintains an office at 400 Maryland Avenue, SW, Washington, D.C. 20202.

## IV. FACTS

15)     Plaintiff is a natural person.

16) The debt which is the subject of this lawsuit is a consumer debt, specifically student loans.

17) On or about January of 2008, a Federal Direct Plus Student Loan was taken out in Plaintiff's name without his knowledge or authorization.

18) On or about June of 2010, a second Federal Direct Plus Student Loan was taken out in Plaintiff's name without his knowledge or authorization. (The two loans are referred to herein as the "Loans.")

19) Plaintiff did not receive any benefit from the proceeds of the Loans.

20) The Loans were signed with electronic signatures.

21) In June of 2012, Plaintiff discovered the Loans while reviewing his credit information.

22) On or about June 28, 2012, Plaintiff filed a police report with the Rockdale County Sheriff's Office to report identity theft.

23) Plaintiff has repeatedly attempted to contact servicers, collection agencies, and the Department directly to report that the Loans were the product of identity theft.

24) The Department has continued to attempt to collect payment for the Loans from Plaintiff despite Plaintiff providing copies of his police report.

25) In March of 2013, Plaintiff submitted a "Certification/Agreement of Cooperation for Identity Theft Claims" to Nelnet, who was servicing the Loans on behalf of the Department.

26) Even after submitting his Police Report and Certification of Cooperation, the Department continued to try to collect the Loans from Plaintiff.

27) In July of 2018, The Department sent Plaintiff a notice of treasury offset.

28) In response to the Department's notice of treasury offset, Plaintiff submitted a request for hearing to the Department to dispute his liability on the Loans.

29) On October 16, 2018, the Department sent Plaintiff a letter informing him of their decision that he was liable for the Loans (herein, the "October 2018 Hearing Decision").

30) In January of 2019, Plaintiff sent a dispute letter to the credit reporting agencies Equifax, Trans Union, and Experian (herein, the "CRA Dispute Letter").

31) The CRA Dispute Letter stated that the information being reported by the Department and Nelnet concerning the Loans was inaccurate.

32) The CRA Dispute Letter stated that certain telephone numbers and addresses on Plaintiff's credit report were inaccurate.

33) Plaintiff attached a copy of his police report to the CRA Dispute Letter.

34) Plaintiff sent the CRA Dispute Letter via certified/ return receipt mail in January of 2019.

35) Upon information and belief, Experian forwarded Plaintiff's CRA Dispute Letter and police report to Nelnet.

36) Upon information and belief, Trans Union forwarded Plaintiff's CRA Dispute Letter and police report to Nelnet.

37) Upon information and belief, Equifax forwarded Plaintiff's CRA Dispute Letter and police report to Nelnet.

38) Upon information and belief, Nelnet performed an investigation of the dispute and sent the results of their investigation to Experian.

39) Upon information and belief, Nelnet performed an investigation of the dispute and sent the results of their investigation to Trans Union.

40) Upon information and belief, Nelnet performed an investigation of the dispute and sent the results of their investigation to Equifax.

41) Experian deleted the accounts which were disputed by Plaintiff.

42) Trans Union initially deleted the accounts which were disputed by Plaintiff.

43) Trans Union subsequently sent Plaintiff a letter on February 4, 2019 which stated that Trans Union had verified the information concerning the Loans and reinserted this information into Plaintiff's credit file.

44) Equifax never responded to Plaintiff's dispute letter.

45) Defendants have failed to conduct a reasonable investigation of Plaintiff's liability for the Loans.

46) In December of 2018, the Department sent another notice of treasury offset to Plaintiff.

47) In January of 2019, Plaintiff sent a request for hearing to the Department again explaining that he was the victim of identity theft and including a copy of the police report.

48) On February 14, 2019, the Department sent a letter to Plaintiff stating that they had already addressed his concerns about identity theft in their October 2018 letter.

49) Plaintiff has subsequently had his monthly railroad retirement benefits garnished by the Department to collect on the Loans.

50) Plaintiff has suffered emotional distress including but not limited to embarrassment, annoyance, loss of sleep, loss of hope, and humiliation as a result of Defendants' behavior.

51) Plaintiff has had erroneous information about his credit history reported to third parties.

52) Plaintiff has suffered loss of funds including treasury offsets, postage, mileage to and from his attorney's office as a result of Defendants' behavior.

## V. CAUSES OF ACTION

### *I.  VIOLATIONS OF THE FCRA BY NELNET*

*[15 U.S.C. § 1681s-2(b)]*

53) Plaintiff reincorporates and realleges paragraphs 1 through 52 herein.

54) Nelnet willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

55) As a result of Nelnet's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to his credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

56) Nelnet's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

57) Plaintiff is entitled to recover costs and attorney's fees from Defendant Nelnet pursuant to 15 U.S.C. §§ 1681n and 1681o.

## II. VIOLATIONS OF THE FCRA BY EQUIFAX

*[15 U.S.C. §§ 1681i and 1681e(b)]*

58) Plaintiff reincorporates paragraphs 1 through 52 herein.

59) Equifax willfully and/or negligently violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the information about the Loans Plaintiff disputed was inaccurate and correct the current status of the disputed information, or delete the item from Plaintiff's credit file.

60) Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates when it verified the information about the Loans which Plaintiff had disputed.

61) As a result of Equifax's violations of §§ 1681i and 1681e(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

62) Equifax's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

63) Plaintiff is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

### III. VIOLATIONS OF THE FCRA BY TRANS UNION

*[15 U.S.C. §§ 1681i and 1681e(b)]*

64) Plaintiff reincorporates paragraphs 1 through 52 herein.

65) Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the information about the Loans Plaintiff disputed was inaccurate and correct the current status of the disputed information, or delete the item from Plaintiff's credit file.

66) Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates when it verified the information about the Loans which Plaintiff had disputed.

67) As a result of Trans Union violations of §§ 1681i and 1681e(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

68) Trans Union's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

69) Plaintiff is entitled to recover costs and attorney's fees from Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

## IV. VIOLATIONS OF THE FCRA BY THE DEPARTMENT OF EDUCATION

*[15 U.S.C. § 1681s-2(b)]*

70) Plaintiff reincorporates paragraphs 1 through 52 herein.

71) The FCRA defines "person" to include "any . . . government or governmental subdivision or agency." 15 U.S.C. §1681a(b).

72) The statute imposes duties upon furnishers of information by requiring "the *person* that provided the information in dispute . . . [to] conduct an investigation . . . [and] review all relevant information provided… ." 15 U.S.C. §1681s-2(a)(8)(E)(emphasis added).

73) The FCRA further provides that "any *person*" who either willfully or negligently fails to comply "with any requirement under this subchapter with respect to any consumer" may be held liable for monetary damages. *See* 15 U.S.C. §1681n; 15 U.S.C. §1681o (emphasis added).

74) The Department of Education willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or

by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

75) As a result of The Department of Education's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

76) The Department of Education actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

77) Plaintiff is entitled to recover costs and attorney's fees from The Department of Education pursuant to 15 U.S.C. §§ 1681n and 1681o.

### *IV. VIOLATIONS OF THE ADMINISTRATIVE PROCEDURES ACT ("APA") BY THE DEPARTMENT OF EDUCATION*

*[5 U.S.C. § 706(b)]*

78) Plaintiff incorporates paragraphs 1 through 52 herein.

79) The APA provides a cause of action in federal district court for any person aggrieved by final agency action. See 5 U.S.C. §§ 702-704.

80) The APA provides that the reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law. Id. § 706(2)(A). The court must also set aside agency actions, findings, and conclusions found to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. Id. § 706(2)(C).

81) The Department's own guidance on identity theft discharges states that "the Secretary determines whether to grant a request for discharge under this section by reviewing the request and sworn statement in light of information available from the Secretary's records and from other sources, including guaranty agencies, State authorities, and cognizant accrediting associations." 34 C.F.R. 685.215(d).

82) The Department's decisions to deny Plaintiff's request for discharge were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## VI. TRIAL BY JURY

83) Plaintiff is entitled to and hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment be entered against the Defendants as follows:

    a) That Plaintiff be awarded statutory, actual, and punitive damages;

b)     That Plaintiff be awarded the expenses of litigation including a reasonable attorney's fee;

c)     That the Court permanently enjoin any further collection on the Loans by any party;

d)     That the Court require all funds collected by Defendant on the Loans be returned to Plaintiff;

*e)     **Plaintiff seeks a declaratory judgment pursuant to 34 C.F.R. 685.215 that Plaintiff was the victim of a crime of identity theft;***

f)     That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this 26th day of June, 2019.

**ARMOR LAW, LLC**
**/S/Chris Armor**

_____
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone: (470) 990-2568
Fax: (404) 592-6102
Email: chris.armor@armorlaw.com

<u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this document was prepared in size 14 Times New Roman font.

/S/ Chris Armor